UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 23-55369-JWC |
| | ) | |
| RAINBOW HOUSE, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE CAVENDER |
| | ) | |
| NEIL C. GORDON, Trustee for the Bankruptcy Estate of Rainbow House, Inc., | ) ) ) | |
| Movant, | ) | CONTESTED MATTER |
| | ) | |
| v. | ) | |
| | ) | |
| RAINBOW HOUSE, INC., | ) | |
| | ) | |
| Respondent. | ) ) | |

**MOTION FOR AN ORDER AUTHORIZING
THE SALE OF PROPERTY OF THE BANKRUPTCY ESTATE
BY PUBLIC AUCTION OR PRIVATE SALE OR BOTH
FREE AND CLEAR OF ALL LIENS, INTERESTS, AND ENCUMBRANCES**

COMES NOW Neil C. Gordon, as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Bankruptcy Estate**") of Rainbow House, Inc., (the "**Debtor**") and files this *Motion for an Order Authorizing the Sale of Property of the Bankruptcy Estate by Public Auction or Private Sale or Both Free and Clear of All Liens, Interests, and Encumbrances* (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b) and (f) and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), 9014, and 9019, other than in the ordinary course of business, and respectfully shows the Court as follows:

{02622611-1 }

## Jurisdiction

1. This Court has jurisdiction to hear this Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Sale Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Factual Background

### *a. General Background*

2. Debtor filed a voluntary skeletal petition constituting an order for relief under Chapter 7 on June 7, 2023 (the "**Petition Date**"), initiating Case No. 23-55369-JWC (the "**Bankruptcy Case**").

3. Trustee was appointed to the Bankruptcy Case as interim Chapter 7 trustee on June 8, 2023, pursuant to 11 U.S.C. § 701(a)(1) [Doc. No. 4].

4. The original Meeting of Creditors was held telephonically and concluded on July 10, 2023, in accordance with 11 U.S.C. § 341(a), after which time, Trustee became the permanent Chapter 7 Trustee, pursuant to 11 U.S.C. § 702(d).

5. At the commencement of the Bankruptcy Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

6. Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

7. The duties of Trustee include his obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1).

8. Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 27] on July 17, 2023, and the Court entered an *Order* [Doc. No. 28] on July 19, 2023, authorizing the appointment of Taylor English Duma LLP as attorneys for Trustee.

### *b. The Real and Personal Property*

9. Debtor leased two properties located at 879 Battle Creek Road, Jonesboro, Georgia 30235 and 86 Upper Riverdale Road, Riverdale, Georgia 30274 (the "**Leased Premises**").

10. Pursuant to Debtor's *Schedule A/B: Property* ("**Schedule A/B**") [Doc. No. 14-1, page 1-3 of 3], Debtor scheduled its ownership of an array of personal property items stored in the Leased Premises, including but not limited to, computers and other office equipment, televisions, home and office furniture, appliances, cookware, dinnerware, and more (collectively, the "**Contents**"), all of which is unencumbered.

11. Also, in Debtor's Schedule A/B [Doc. No. 14-1, page 3 of 3], Debtor scheduled it's ownership of three unencumbered vehicles: (i) a 2011 Ford Econoline Wagon, VIN: AFBSS3BL5BDA69682, (ii) a 2014 Ford E350 Van, VIN: AFBSS3BL1EDA99914; and (iii) a 2019 Honda Odyssey Van, VIN: 5FNRL6H23KB126994 (collectively, the "**Vehicles**").

12. Also, in Debtor's Schedule A/B [Doc. No. 14-1, page 3 of 3], Debtor scheduled its ownership of an unencumbered, undeveloped lot located at 4171 Grant Road, Ellenwood, Georgia 30294 (the "**Lot**," and collectively with the Contents and the Vehicles, the "**Real and Personal Property**").

**Request for Authority to Sell Real and Personal Property of the Bankruptcy Estate
Free and Clear of All Liens, Interests, and Encumbrances
Pursuant to 11 U.S.C. §§ 363(b) and (f)**

13. On July 19, 2023, Trustee filed his *Application to Employ Auctioneer* [Doc. No.

30], and on July 25, 2023, the Court entered an *Order* [Doc. No. 33], authorizing the employment of Wiregrass Auction Group, Inc., as the Auctioneer for the Bankruptcy Estate.

14. Trustee proposes to sell the Real and Personal Property by public auction or private sale or both to the highest bidder or bidders.

15. Trustee seeks authority from the Court to sell the Real and Personal Property "as is," free and clear of all liens, interests, and encumbrances as provided by 11 U.S.C. § 363(f). The proposed sale of the Real and Personal Property is not in the ordinary course of business, as provided by 11 U.S.C. § 363(b).

## Legal Analysis

16. Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). Section 105 of the Bankruptcy Code grants this Court the authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under 11 U.S.C. § 363(b) free and clear of any interest in such property if, among other things, the price at which the property is to be sold is greater than the aggregate of the liens on such property or with respect to interests that are in dispute. 11 U.S.C. § 363(f). Specifically, that code section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;

{02622611-1 }

   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
   (4) such interest is in bona fide dispute; or
   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.*

  18. The proposed sale of the Real and Personal Property is one not in the ordinary course of business, as provided by 11 U.S.C. § 363(b).  Trustee can, under 11 U.S.C. § 363(f), sell the Real and Personal Property free and clear of all liens, claims, and encumbrances with any lien (to the extent valid, perfected, enforceable, and unavoidable) attaching to the proceeds of the sale with the same priority and extent as they had in the Real and Personal Property.

  19. Therefore, Trustee respectfully requests authority from the Court to sell the Real and Personal Property by public auction or private sale or both to the highest bidder or bidders as provided by 11 U.S.C. §§ 363(b) and (f).

### Other Relief Requested

  20. In addition, Trustee expressly reserves and does not waive his right to surcharge the Real and/or Personal Property and the proceeds thereof, to the extent it secures an allowed secured claim, for reasonable, necessary costs of preserving or disposing of the Real and Personal Property to the extent of any benefit to the holders of such secured claims under 11 U.S.C. § 506(c).

  21. Trustee requests that the Court waive the stay of the Order approving the proposed sale as authorized under Federal Rule of Bankruptcy Procedure 6004(h).

  WHEREFORE, Trustee prays that the Court enter an order (a) granting the Sale Motion; (b) authorizing Trustee to sell the Real and Personal Property by public auction or private sale or both; (c) waiving the fourteen (14)-day stay period pursuant to Rule 6004(h); and

{02622611-1 }

(e) granting such other and further relief as is just and proper.

 Respectfully submitted this 2nd day of August, 2023.

           TAYLOR ENGLISH DUMA LLP
           *Attorneys for Trustee*

           By: */s/ Neil C. Gordon*
             Neil C. Gordon
             Georgia Bar No. 302387

1600 Parkwood Circle, SE
Suite 2100
Atlanta, Georgia 30339
Tele: (404) 640-5917
Email: ngordon @taylorenglish.com

{02622611-1 }

## **CERTIFICATE SERVICE**

This is to certify that I, Neil C. Gordon, am over the age of 18 and that on this day I have caused to be served a copy of the foregoing *Motion for an Order Authorizing the Sale of Property of the Bankruptcy Estate by Public Auction or Private Sale or Both Free and Clear of All Liens, Interests, and Encumbrances* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery, as indicated, to:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Mark Manley
Wiregrass Auction Group, Inc.
3035 US Highway 319, Suite G
Thomasville, GA 31757

John Wesley Mills, III
Jones Walker LLP
3455 Peachtree Road NE
Suite 1400
Atlanta, GA 30326

Rainbow House, Inc.
879 Battle Creek Road
Jonesboro, GA 30236

This 2nd day of August, 2023.

*/s/ Neil C. Gordon*
Neil C. Gordon
Georgia Bar No. 302387

{02622611-1 }