UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | Case No. 23-55369-jwc |
| Rainbow House, Inc., | Chapter 7 |
| Debtor. | |

**LIMITED OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF PROPERTY OF THE BANKRUPTCY ESTATE**

COMES NOW, Clayton County, Georgia ("Clayton County"), and pursuant to 11 U.S.C. § 363(f), and Fed. R. Bankr. P. 6004(b), files this limited objection to the Chapter 7 Trustee's Motion for an Order Authorizing the Sale of Property of the Bankruptcy Estate [Doc. No. 36]. Clayton County shows the Court as follows:

**Factual Background**

Debtor filed a voluntary skeletal petition constituting an order for relief under Chapter 7 on June 7, 2023 (the "Petition Date"), initiating Case No. 23-55369-JWC (the "Bankruptcy Case"). Trustee was appointed to the Bankruptcy Case as interim Chapter 7 trustee on June 8, 2023, pursuant to 11 U.S.C. § 701(a)(1) [Doc. No. 4].

Debtor leased two properties located at 879 Battle Creek Road,

Jonesboro, Georgia 30235 and 86 Upper Riverdale Road, Riverdale, Georgia 30274 (the "Leased Premises"). [Doc. No. 36 ¶ 9]. Clayton County is the Lessor of the 879 Battle Creek Road, Jonesboro, Georgia 30235 Property. *See* attached **Exhibit "A"**.

Pursuant to Debtor's Schedule A/B: Property ("Schedule A/B") [Doc. No. 14-1, page 1-3 of 3], Debtor scheduled its ownership of an array of personal property items stored in the Leased Premises, including but not limited to, computers and other office equipment, televisions, home and office furniture, appliances, cookware, dinnerware, and more (collectively, the "Contents").

Also, in Debtor's Schedule A/B [Doc. No. 14-1, page 3 of 3], Debtor scheduled it's ownership of three unencumbered vehicles: (i) a 2011 Ford Econoline Wagon, VIN: AFBSS3BL5BDA69682, (ii) a 2014 Ford E350 Van, VIN: AFBSS3BL1EDA99914; and (iii) a 2019 Honda Odyssey Van, VIN: 5FNRL6H23KB126994 (collectively, the "Vehicles"). The Contents and the Vehicles shall be referred to as Personal Property.

Upon information and belief, much of the Personal Property was funded through Community Development Block Grant ("CDBG") funds, and under applicable rules, may not be property of the estate, but rather

titled to and property of Clayton County.

Also, in Debtor's Schedule A/B [Doc. No. 14-1, page 3 of 3], Debtor scheduled its ownership of an unencumbered, undeveloped lot located at 4171 Grant Road, Ellenwood, Georgia 30294 (the "Lot," and collectively with the Contents and the Vehicles, the "Real and Personal Property").

Trustee proposes to sell the Real and Personal Property by public auction or private sale or both to the highest bidder or bidders. [Doc. No. 36 ¶ 14]. The Trustee has requested authority from the Court to sell the Real and Personal Property by public auction or private sale or both to the highest bidder or bidders as provided by 11 U.S.C. §§ 363(b) and (f).

## Applicable Law

Under Code Section 363(f), "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such

property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

## Objection

The Trustee has asserted in its Motion that "Trustee can, under 11 U.S.C. § 363(f), sell the Real and Personal Property free and clear of all liens, claims, and encumbrances with any lien (to the extent valid, perfected, enforceable, and unavoidable) attaching to the proceeds of the sale with the same priority and extent as they had in the Real and Personal Property." 24 CFR § 570.501 places responsibility on Clayton County to ensure that CDBG "funds are used in accordance with all program requirements" and for "determining the adequacy of subrecipient agreements." Therefore, Clayton County submits this limited objection to the extent that the Personal Property were funded through CDBG funds and are not property of the bankruptcy estate, but instead owned by Clayton County. *See* 24 C.F.R. § 570.502 ("…Equipment not needed by the subrecipient for CDBG activities shall be transferred to the recipient [Clayton] for the CDBG program or shall

be retained after compensating the recipient [Clayton].").  CDBG funds were used by Debtor, among other things, facility improvements to the 879 Battle Creek Road, Jonesboro, Georgia 30235 property as follows:

| YEAR AWARDED | HUD SOURCE | AMOUNT AWARDED | ACTIVITY FUNDED |
| --- | --- | --- | --- |
| 2012 | CDBG | $59,292 | Van / Security Technology |
| 2013 | CDBG | $10,000 | Stove Replacement |
| 2014 | CDBG | 10,500 | Replace Furniture |
| 2015 | CDBG | $20,000 | Van Acquisition |
| 2016 | CDBG | $30,000 | Flooring Replacement |
| 2017 | CDBG | $40,000 | Facility Improvements |
| 2018 | CDBG | $40,000 | Facility Improvements |
| 2019 | CDBG | $28,363 | Van Purchase |

Facility improvements included the purchase of commercial grade washer & dryer, refrigerators and freezer, outdoor basketball goals, furnishings for recreational area, humidifiers, and other property.

Clayton County submits this limited objection to the extent these items are not part of the bankruptcy estate, and instead, under applicable CDBG rules and regulations, belong to Clayton County. In the alternative, Clayton County reserves the right to submit a credit bid for

the items at the sale in an amount equal to the CDBG funds.

Respectfully submitted this 25th day of August, 2023.

                                            **FREEMAN MATHIS & GARY, LLP**

                                            <u>/s/ Brian S. Goldberg</u>

100 Galleria Parkway,       Brian S. Goldberg
Suite 1600                         Georgia Bar No. 128007
Atlanta, Georgia 30339     *Attorney for Clayton County, Georgia*
T: 678-996-9140
F: 678-236-9154
Brian.Goldberg@fmglaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | Case No. 23-55369-jwc |
| Rainbow House, Inc., | Chapter 7 |
| Debtor. | |

# CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing Notice of Appearance and Request for Notices via electronic means as listed on the Court's ECF noticing system or by regular first-class mail by depositing the same in the United States mail in a properly addressed envelope with adequate postage thereon upon the following:

Rainbow House, Inc.
879 Battle Creek Road
Jonesboro, GA 30236

John Wesley Mills, III
Jones Walker LLP
3455 Peachtree Road NE
Suite 1400
Atlanta, GA 30326

Neil C. Gordon
Taylor English Duma LLP
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

                                                        **FREEMAN MATHIS & GARY, LLP**

                                                        <u>/s/ Brian S. Goldberg</u>

100 Galleria Parkway,           Brian S. Goldberg
Suite 1600                             Georgia Bar No. 128007
Atlanta, Georgia 30339        *Attorney for Clayton County, Georgia*
T: 678-996-9140
F: 678-236-9154
Brian.Goldberg@fmglaw.com