**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 23-55369-JWC** |
| | ) | |
| **RAINBOW HOUSE INC.,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**APPLICATION FOR FINAL COMPENSATION**
**BY ATTORNEYS FOR TRUSTEE AND REQUEST**
**FOR AUTHORIZATION TO PAY COMPENSATION**

COMES NOW, Taylor English Duma, attorneys for Trustee (the "Applicant"), and respectfully represents:

1.

Applicant is currently employed as counsel for Trustee, having been appointed by appropriate Order of this Court.

2.

Applicant has rendered professional services on Trustee's behalf since June 7, 2023, and makes this Application for Final Compensation of Fees and Expenses through conclusion of the case after May 5, 2025.

3.

All services for which compensation is requested by Applicant were performed for and on behalf of the Trustee and not on behalf of any creditor or other person.

4.

Applicant has prepared a detailed description of services rendered from June 7, 2023, to the closing of the case after May 5, 2025, by date, time and nature of service performed, which is annexed hereto as Exhibit "A."

5.

Applicant has incurred actual and necessary costs and expenses in the amount of $373.00. Said costs and expenses are set forth in respective Exhibits "A" annexed hereto.

6.

The reasonable value of the services rendered by Applicant, as Counsel for Trustee in these proceedings under Chapter 7 for the period set forth above is $17,834.50. Applicant has devoted a total of 40.7 hours of attorney and paralegal time for a blended rate of $438.19. The number of hours spent and the hourly rates applicable to each person are set forth on pages 4 and 5 of Exhibit "A."

7.

Exhibit "B" attached hereto consists of the résumés of Applicant attorneys charging for his or her services on behalf of the Trustee.

8.

Exhibit "C" attached hereto is an Affidavit of Neil C. Gordon confirming the facts set out in this Application and Exhibits hereto.

9.

This Application is filed pursuant to §330 and §331 of the Bankruptcy Code.

Applicant shows that the final compensation requested by Applicant satisfies the standards and guidelines set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (U.S.C.A. 5th 1974), and In Re First Colonial Corporation, 544 F.2d 1291 (U.S.C.A. 5th 1977), as amplified by Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

10.

Debtor leased two (2) properties located at 879 Battle Creek Road, Jonesboro, Georgia 30235 and 86 Upper Riverdale Road, Riverdale, Georgia 30274 (the "Leased Premises"). Pursuant to Debtor's Schedule A/B: Property ("Schedule A/B"), Debtor scheduled its ownership of an array of personal property items stored in the Leased Premises, including but not limited to, computers and other office equipment, televisions, home and office furniture, appliances, cookware, dinnerware, and more (collectively, the "Contents"), all of which was unencumbered. Also, Debtor scheduled its ownership of (A) three (3) unencumbered vehicles: a 2011 Ford Econoline Wagon, a 2014 Ford E350 Van, and a 2019 Honda Odyssey Van, VIN: 5FNRL6H23KB126994 (collectively, the "Vehicles"), and (b) an unencumbered, undeveloped lot located at 4171 Grant Road, Ellenwood, Georgia 30294 (the "Lot," and collectively with the Contents and the Vehicles, the "Real and Personal Property").

11.

Applicant prepared and filed Trustee's *Application to Employ Auctioneer* [Doc. No. 30], and the Court entered an *Order* [Doc. No. 33], authorizing the employment of Wiregrass Auction Group, Inc., as the Auctioneer for the Bankruptcy Estate. Applicant prepared and

filed on Trustee's behalf his *Motion for an Order Authorizing the Sale of Property of the Bankruptcy Estate by Public Auction or Private Sale or Both Free and Clear of All Liens, Interests, and Encumbrances* [Doc. No. 36] (the "Sale Motion"). Applicant later prepared and filed an *Amendment* to the Sale Motion [Doc. No. 43] (the "Amendment") for two purposes: (a) to remove the option for a private sale, and Trustee instead requested authority to sell the Real and Personal Property by public auction only to the highest bidder or bidders; and (b) to modify the Auctioneer's Costs of Sale as follows as to the Contents: (i) total marketing expense to the Bankruptcy Estate not to exceed $2,250.00; (ii) buyer's premium of up to twenty (20%) of the gross sale price, but discounted to eighteen (18%) percent, and further discounted to fifteen (15%) percent if paid by means other than a credit card; and (iii) commission of up to fifteen (15%) percent of gross sale price, plus reimbursement of out-of-pocket expenses in an amount not to exceed $500.00. The Court entered an *Order* [Doc. No. 45], granting the Sale Motion and authorizing the sale of the Real and Personal Property at public by the Auctioneer (the "Sale Order"). The Sale Order further authorized the Real and Personal Property to be sold free and clear of any potential liens, claims and interests, with valid and enforceable lien(s) attaching to the proceeds of sale, pursuant to 11 U.S.C. §§ 363(b) and (f).

12.

Pursuant to the terms of the Sale Order, the Auctioneer conducted the public auction. The vehicles were sold for the aggregate gross sales price of $28,462.50. The Personal Property contents were sold for the total gross sales price of $16,420.00. The funds were remitted to the estate.

13.

The Lot was auctioned for the gross sales price of $4,950.00. Applicant reviewed and revised the auctioneer's sale agreement form for the Lot. Trustee then entered into a *Purchase and Sale Agreement* (the "Contract") for the sale of the Real Property, "as is," "where is," for a sale price of $4,950.00 (the "Purchase Price"), which included the submission of an earnest money down payment in the amount of $2,500.00 ("EM Down Payment"). Trustee received a copy of the EM Down Payment in the form of a Bank of America Cashier's Check (the "Check"). Applicant prepared the Trustee's Deed and Seller's Affidavit. At conclusion of the closing on the Lot, the auctioneer remitted the balance of the purchase to the Trustee.

14.

Applicant prepared and filed the Auctioneer's fee application [Doc. No. 47], which was approved by the Court [Doc. No. 51]. Trustee remitted payment to the Auctioneer.

15.

Trustee never received the actual Check. According to the terms of the Check, it became "Void After 90 Days," at which time, funds representing the EM Down Payment would have been redeposited into the remitter's bank account from which it was drawn. Trustee reached out to the purchaser's CEO regarding the missing Check, but never received a response or replacement check. Applicant prepared and filed *Trustee's Motion for an Order Authorizing the Examination of and Document Production by Darius Porter Individually and on Behalf of Iconic Investors, LLC, Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 58], which was granted by the Court

[Doc. No. 59]. In response thereto, the purchaser remitted the replacement check to the Trustee.

16.

Applicant further shows that the fees requested in this Application are reasonable under the factors to be considered in evaluating applications for compensation first enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a civil rights case, and made applicable to fee determinations in bankruptcy in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977). The following summarizes the application of the *Johnson* factors to this Bankruptcy Case:

a. *Time and labor required*: Applicant has expended a total of 40.7 hours in the representation of the Trustee during the Compensation Period. Applicant attempted to work efficiently in all matters and to use attorneys and paraprofessionals in the most economic fashion. The substance of the time expended is set forth fully in Exhibit "A" to this Application.

b. *Novelty and difficulty of the legal questions*: The Bankruptcy Case thus far has been time consuming to the extent reflected in Exhibit "A," and involved a number of issues relative to turning this "no asset" case into a case where creditors would benefit.

c. *Skill required to perform the legal services properly:* Lead counsel has represented this Trustee in thousands of cases and has represented other trustees in several hundred matters and is considered a top expert in his field with

over 200 seminar presentations and over 80 published articles in the field and has expertise in real estate as well as bankruptcy law.

d. *Preclusion of other employment due to acceptance of the case*: The amount of time devoted to this Bankruptcy Case by the attorneys and paraprofessionals of Applicant and the emergency nature of much of what Applicant was confronted with precluded them from performing other work to the extent of the time devoted to this Bankruptcy Case during the Compensation Period. Applicant devoted the necessary time and commitment to properly assess the opportunity presented. This required exclusion of other matters to which Applicant's personnel could have instead devoted their time and energy.

e. *Customary fee for similar work in the community*: Applicant respectfully represents that the rates charged by Applicant as set forth in the Summary Sheet attached as Exhibit "A" are below or commensurate with the rates charged by attorneys in the Northern District of Georgia of similar skill and reputation. Applicant submits that this average rate of $438.19 per hour is well within the range of rates customarily charged within this District by attorneys of far less skill and experience.

f. *Whether fee is fixed or contingent*: Although Applicant has handled this matter on a time billing basis, payment has been contingent on successfully making a recovery on behalf of the Estate sufficiently large to cover the time expended thereby leaving Applicant at risk for non-payment. Indeed, Applicant has heretofore performed services without *any* compensation. As stated by the

Eleventh Circuit in *Norman,* attorneys in such situations should be allowed to recover at its current and not historical rates. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (stating, "[i]n this circuit, where there is a delay, the court should take into account the time value of money and the effects of inflation *and generally award compensation at current rates rather than at historic rates*.") (emphasis added). Applicant is charging less than its current rates for corporate bankruptcy of this nature.

g. *Time limitations imposed by the client or circumstances*: Applicant submits that its attorneys have been required to work under a number of time limitations imposed by the circumstances of this Bankruptcy Case as set forth above, including an emergency motion to compel and an expedited sale hearing.

h. *Amount involved and results obtained*: Through Applicant's representation, these issues and others have been reached in a manner favorable to the Estate. But for the results obtained here, no creditors would receive any distribution. Instead, nonpriority unsecured creditors with claims totaling $255,535.13 will receive a distribution of 13%.

i. *Experience, reputation, and ability of attorneys*: Applicant respectfully represents that its attorneys have significant experience and ability in handling bankruptcy cases like the subject case, and lead counsel has appeared before the Court for over forty-five (45) years. Exhibit "B" attached to this Application consists of the résumés of Applicant's attorneys charging for his or her services on behalf of Trustee and reflects that lead counsel is one of the leading

national experts in the representation of Chapter 7 trustees, with over 200 seminar presentations and over 80 published articles. Moreover, lead counsel has represented this Trustee in thousands of cases and other trustees in several hundred cases.

j. *Undesirability of the case*: Applicant respectfully represents that this Bankruptcy Case was undesirable given the significant amount of resources and time and effort that had to be committed thereto with no certainty of (or at least a very delayed) payment or the outcome of this Bankruptcy Case.

k. *Nature and length of the professional relationship with the client*: Applicant routinely represents this Trustee and has been engaged to represent this Trustee in other matters.

l. *Awards in similar cases*: Applicant respectfully represents that the amount sought in the Application is reasonable and within the range of awards in similar commercial cases.

17.

As a final point, nowhere in § 704(a) is it stated or even suggested that the Trustee cannot employ counsel for the performance of the Trustee's statutory duties. Just the opposite. In 11 U.S.C. § 327(a), it states that "the trustee, with the court's approval, may employ one or more attorneys, . . . or other professional persons, to represent or assist the trustee in <u>carrying out the trustee's duties under this title</u>." (Emphasis added). That is exactly what the Trustee here has done in this Bankruptcy Case by employing Applicant, and, as a result, the nonpriority unsecured creditors will

receive a 13%.

WHEREFORE, Applicant prays:

a) For an allowance to be made to it as final compensation to Neil C. Gordon, as assignee of Taylor English Duma LLP, of $17,834.50 as compensation for professional services rendered and $373.00 as necessary costs and expenses incurred by it in this proceeding;

b) That Applicant be allowed to receive payment from the Trustee's account for the allowed compensation and expenses to the extent of available funds; and

c) That Applicant have such other and further relief as is just and proper.

Respectfully submitted,

TAYLOR ENGLISH DUMA, LLP

By: /s/ Neil C. Gordon
Neil C. Gordon
State Bar No. 302387

Attorneys for Chapter 7 Trustee

TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(404) 640-5917
ngordon@taylorenglish.com

taylor | english

Taylor English Duma LLP 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339
Main: 770.434.6868 Fax: 770.434.7376 taylorenglish.com

Neil Gordon, Atty for Neil Gordon Trustee
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339

| | |
|---|---|
| Statement Date: | May 5, 2025 |
| Statement No. | 904482 |
| Account No. | 84006.0184 |
| Federal ID No. | 201310229 |

Attn: Neil Gordon

Re: RAINBOW HOUSE, INC., Chapter 7 Case N

| | | | Rate | Hours |
|---|---|---|---|---|
| 07/12/2023 | NG | Review documents and consider lawsuit for misappropriation of corporate funds, 363 sale complications of real estate, vehicles and substantial personal property, issues with the landlord and propose how to handle, etc. (.9); draft memo to P. Bicknell regarding background and foregoing issues (.7) | 675.00 | 1.60 |
| 07/15/2023 | PB | Prepare Application for Appointment of Attorneys for Trustee, verified statement of N. Gordon in accordance with Rule 2014, and proposed Order | 280.00 | 1.40 |
| 07/17/2023 | NG | Review, revise and complete application to employ Taylor English Duma as counsel to trustee, affidavit and proposed order | 675.00 | 0.30 |
| 07/19/2023 | AF | Review of file and prepare application to employ accountant along with proposed order regarding same | 280.00 | 0.50 |
| | NG | Review entered order on employment of Taylor English Duma as counsel to trustee; memo to P. Bicknell and A. Ford regarding same and to draft application to employ accountant; review and complete same and proposed order | 675.00 | 0.20 |
| | PB | Prepare and obtain execution of verified statement of Mark Manley, Wiregrass Auction Group (.40); prepare application to employ auctioneer to sell real property, vehicles and the contents of the business and proposed Order (1.20) | 280.00 | 1.60 |
| | NG | Review, revise, supplement and complete application for employment of auctioneer with various terms depending on item to be sold, COS and proposed order | 675.00 | 0.20 |
| 07/25/2023 | NG | Review orders entered on employment of auctioneer and accountant; memo to P. Bicknell regarding same | 675.00 | 0.10 |

EXHIBIT
tabbies
"A"

Neil Gordon, Atty for Neil Gordon Trustee

Statement Date: 05/05/2025
Statement No. 904482
Account No. 84006.0184

| | | | Rate | Hours |
|---|---|---|---|---|
| 07/27/2023 | NG | Telephone conference call with Chief County Staff Attorney Charles Reed regarding landlord tenant issue, termination of lease, automatic stay, etc. (.7); draft correspondence to same (.2); review response correspondence regarding termination of lease, etc, (.1) | 675.00 | 1.00 |
| 07/31/2023 | NG | Review and consider memo from auctioneer regarding discovery of medical records, and the HIPPA requirements that might come into play (.6); telephone conference with Charles Reed, Clayton County Chief Staff Attorney to the Board of Commissioners regarding this issue (.4); draft correspondence to him regarding same (.3) | 675.00 | 1.30 |
| 08/02/2023 | PB | Prepare Motion to sell real and personal property of the bankruptcy estate by auction or private sale, notice of motion, and certificate of service for service of notice on all parties | 280.00 | 2.40 |
| | NG | Review, revise, supplement and complete section 363 sale motion and related hearing notice and COS | 675.00 | 0.50 |
| 08/14/2023 | NG | Review and consider UST correspondence regarding issue with the sale motion (.2); come up with a potential resolution (.1); draft correspondence to UST regarding resolving issue in this case and in the future (.2); address other items that might require an amended motion (.2 correspondence with J. Treace regarding amending the sale motion to address both issues (.1) | 675.00 | 0.80 |
| 08/15/2023 | NG | Correspondence with auctioneer regarding terms for the amendment to the motion | 675.00 | 0.20 |
| 08/25/2023 | NG | Review and consider objection to sale motion by Clayton County (.4); telephone conference call with Brian Goldberg of Freeman Mathis Gary law firm (.5); correspondence to P. Bicknell and auctioneer Mark Manley regarding same and how to handle (.3) | 675.00 | 1.20 |
| 08/28/2023 | PB | Prepare Amendment to Trustee's Sale Motion regarding Costs of Sale and removing request for authority to sell real and personal property by private sale and certificate of service | 280.00 | 1.10 |
| | NG | Review, revise and complete amendment to sale motion | 675.00 | 0.20 |
| 09/11/2023 | NG | Memo to P. Bicknell regarding rejection of lease with Clayton County | 675.00 | 0.10 |

Neil Gordon, Atty for Neil Gordon Trustee

Statement Date: 05/05/2025
Statement No. 904482
Account No. 84006.0184

| | | | Rate | Hours |
|---|---|---|---|---|
| 09/13/2023 | NG | Review file and prepare for contested 363 sale motion (.8); telephone call from and discussion with attorney Brian Douglas regarding he will withdraw the objection and he will have a county detective take custody of the medical records and provide (.3); memo to P. Bicknell regarding foregoing and regarding Brian Douglas will draft a document to authorize the transfer of custody of the medical records (.1); review actual withdrawal (.1) | 675.00 | 1.30 |
| 09/14/2023 | NG | Attend calendar call and hearing on sale motion (.6); memo to P. Bicknell regarding results and to prepare proposed order (.2); review and revise same and have uploaded to the Court (.2); correspondence from Brian Douglas and draft a document for execution to evidence the acceptance by the county of the boxes of medical and personal information found at the premises (.5) | 675.00 | 1.50 |
| | PB | Prepare Order granting Sale Motion and Amendment and for authority to sale the Real and Personal Property by public auction to the highest bidder or bidders | 280.00 | 1.20 |
| 09/15/2023 | NG | Review order entered on sale motion; memo to P. Bicknell regarding same | 675.00 | 0.10 |
| 10/02/2023 | NG | Correspondence from and to Brian Goldberg of Freeman Mathis for the County regarding HIPPA requirements and failure of the county to satisfy them | 675.00 | 0.30 |
| 10/25/2023 | PB | Written request to title company regarding instructions for completing full title examination of real property | 280.00 | 0.40 |
| 10/27/2023 | PB | Prepare Trustee's Sale Agreement form for auction and of real property | 280.00 | 2.40 |
| 10/28/2023 | NG | Review and complete APA for auction | 675.00 | 0.30 |
| 11/17/2023 | PB | Review and make revisions to closing statement (.30); prepare Trustee's Deed and Seller's Affidavit regarding the sale of 4171 Grant Road and other closing documents (.90) | 280.00 | 1.20 |
| 11/20/2023 | NG | Review, revise and complete Trustee's Deed, Seller's Affidavit, etc. | 675.00 | 0.40 |
| 01/12/2024 | PB | Review of multiple settlement statements and invoices (.80); prepare Application for Compensation of Auctioneer and for authority to pay compensation and out of pocket expenses for the sale of 3 vehicles, real property and the contents of two buildings and notice of pleading, deadline to object; and for hearing (2.0) | 280.00 | 2.80 |
| 01/15/2024 | NG | Review, revise, supplement and complete lengthy Application for compensation of Auctioneer and related hearing notice | 675.00 | 0.60 |

Neil Gordon, Atty for Neil Gordon Trustee

Statement Date: 05/05/2025
Statement No. 904482
Account No. 84006.0184

| | | | Rate | Hours | |
|---|---|---|---|---|---|
| 01/16/2024 | PB | Electronic filing and service of Auctioneer Fee Application and notice of hearing (.50); prepare and file certificate of service of notice on all parties on mailing matrix (.40) | 280.00 | 0.90 | |
| 02/02/2024 | NG | Review file and note upcoming deadline to object to fee application of auctioneer; memo to P. Bicknell to prepare proposed order | 675.00 | 0.20 | |
| | PB | Prepare proposed Order granting Auctioneer Fee Application and for authority to pay compensation | 280.00 | 0.80 | |
| 02/04/2024 | NG | Go back through the application for compensation and supporting invoices to confirm compensation amounts, and review and complete proposed order | 675.00 | 0.40 | |
| 02/14/2024 | NG | Review entered order on application to compensate auctioneer and note no hearing now necessary; memo to P. Bicknell regarding same | 675.00 | 0.10 | |
| 04/09/2024 | AF | Review of file and prepare attorney fee application | 280.00 | 2.80 | |
| 05/02/2024 | AF | Review of file and prepare attorney fee applicaiton | 280.00 | 2.70 | |
| 05/03/2024 | NG | Review file, including all pleadings, orders, dockets, memos and reports, in connection with preparation of final fee application | 675.00 | 1.20 | |
| | NG | Review, revise, supplement and complete final fee application | 675.00 | 1.00 | |
| | NG | Prepare proposed final order | 675.00 | 0.50 | |
| 04/12/2025 | PB | Prepare B.R. 2004 motion for examination of and document production by Iconic Investors, LLC care of Darius Porter, CEO and proposed Order | 280.00 | 1.80 | |
| 04/13/2025 | NG | Review, revise and complete rule 2004 motion and document production list with respect to Darius Porter | 675.00 | 0.40 | |
| 04/15/2025 | PB | Correspondence to Darius Porter regarding the Motion for B.R. 2004 Examination and document production | 280.00 | 0.40 | |
| | NG | Discussion with Darius Porter regarding motion for Rule 2004; memo to P. Bicknell regarding same | 675.00 | 0.20 | |
| 04/16/2025 | NG | Review entered order on Rule 2004 motion; memo to P. Bicknell regarding same | 675.00 | 0.10 | |
| | | FOR PROFESSIONAL SERVICES RENDERED | | 40.70 | 17,834.50 |

FEE SUMMARY

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Neil Gordon | 16.30 | $675.00 | $11,002.50 |

Neil Gordon, Atty for Neil Gordon Trustee

Statement Date: 05/05/2025
Statement No. 904482
Account No. 84006.0184

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Angela Ford | 6.00 | 280.00 | 1,680.00 |
| Pamela Bicknell | 18.40 | 280.00 | 5,152.00 |
| **Totals** | **40.70** | | **$17,834.50** |

| | | |
|---|---|---|
| 08/02/2023 | Filing Fee paid to Georgia Northern Bankruptcy Court / Ref # A59330952 | 188.00 |
| 10/27/2023 | Title Search fees paid to Traditional Title Services Invoice 2429742 - Full - Clayton - 4171 Grant Road Ellenwood, Georgia 30294 | 150.00 |
| 12/01/2023 | Fee paid to Bruce Brown Invoice 257 dated 11/21/2023 - Pick up package from Taylor English and deliver to Campbell & Brannon, LLC 5565 Glenridge Connector, Suite 350, Atlanta, Georgia 30342 | 35.00 |
| | TOTAL EXPENSES/COSTS ADVANCED | 373.00 |
| | TOTAL CURRENT FEES AND COSTS | 18,207.50 |
| | **Balance Due................................** | $18,207.50 |

Billing History

| Fees | Expenses | Finance Charge | Payments |
|---|---|---|---|
| 17,834.50 | 373.00 | 0.00 | 0.00 |

**Attorney-Client Privileged Communication**

**Please send payment within 15 days of receiving this invoice**

**Please access our secure online payment portal at https://taylorenglishbilling.com**

**Payment questions: 678-336-7258 - Kim Zaring**
**Billing questions: kzaring@taylorenglish.com**

**TAYLOR ENGLISH DUMA LLP**
**1600 Parkwood Circle, Suite 200**
**Atlanta, Georgia 30339**
**(770) 434-6868**

**PARTNERS**

**NEIL C. GORDON** — Admitted to Georgia Bar in 1979. Education: University of Florida (B.S.B.A. cum laude, 1976); University of Georgia (J.D. 1979). Law Clerk to Hon. Robert L. Vining, Jr., Judge, U.S. District Court, Northern District of Georgia, 1979-81; Publications: Co-Author, "*Law v. Siegel* Dicta Leads Lower Courts Astray," American Bankruptcy Institute Journal, Vol. XXXIV, No. 2 (February 2015); Co-Author, "When Can the Statute of Limitations for Avoidance Actions Be Extended?" American Bankruptcy Institute Journal, Vol. XXXII, No. 5 (June 2013); Co-Author, "*Schwab v. Reilly* Two Years Later: Appellate Opinions on Appreciation and 100 Percent of FMV," American Bankruptcy Institute Journal, Vol. XXXI, No. 9 (October 2012); Author, "Section 362(h) Does Not Deprive a Trustee of Standing to Void a Lien," American Bankruptcy Institute Journal, Vol. XXIX, No. 10 (December 2010/January 2011); Author, "An Overview of Mortgage and Finance Fraud for Trustees," in *Mortgage and Finance Fraud Litigation Strategies* (Thomson Reuters/Aspatore Books 2010); Author, "The Art of the Carve-Out," NABTalk, Vol. 25, No. 1 (Spring 2009); Co-Author, "New Tax Laws Affecting Home Sales Give Chapter 7 Trustees Long Overdue Relief" , Bankruptcy Court Decisions, Vol. 32, No. 20 (July 28, 1998); Co-Author, "Maximizing Returns for Estate Creditors by Minimizing Taxes: Exclusion of Gain from the Sale of the Debtor's Principal Residence", NABTalk, Vol. 16, No. 3 (Fall, 2000); Co-Author, "Recent Cases," Journal of the American Bankruptcy Trustee, Quarterly Publication of National Association of Bankruptcy Trustees (NABT 2003-present). Member: Atlanta Bar Association, Bankruptcy Law Section (Chair 1992-1993, Board Member 1988-1994); State Bar of Georgia; American Bankruptcy Institute (Legislation Committee Co-Chair 2013-2015); National Association of Bankruptcy Trustees (Board Director 2000-2014; Executive Committee 2006-2014; Secretary 2006-2007; Treasurer 2007-2008; Vice-President 2008-2011; President 2011-

**EXHIBIT "B"**

2012; Immediate Past President 2012-2013; Past President Director 2013-2014); Panel, United States Trustees; Fellow, American College of Bankruptcy; Master of the Bench, W. Homer Drake Georgia Bankruptcy American Inn of Court; Full Member, National Association of Federal Equity Receivers. Recognitions: 2021 and 2022 Lawdragon 500 Leading Bankruptcy & Restructuring Lawyers; 2023 Georgia Trend's Legal Elite.

Seminar Presentations: "Tales from the Crypto: A Guide and Discussion," ABI SE Workshop, Amelia Island, Florida (July 20-23, 2023); " "Recent Court Rulings of Interest," Chapter 7 Panel Trustee Training – Northern District of Georgia, Atlanta, Georgia (August 11, 2022); "Case Law Update," Region 16 Webinar (February 11, 2022); "Post-Filing Issue Spotting: Consumer Practice Extravaganza (CPEX), ABI Conference, Indianapolis, Indiana (November 12, 2021); "Abandonment," The W. Homer Drake, Jr. Georgia Bankruptcy Inn of Court, Atlanta, Georgia (February 11, 2021); "Case Law Update," NABT Virtual Annual Conference (August 27, 2020); "Hot Trustee Topics in Consumer Cases," NCBJ Annual Conference, Washington, D.C. (November 1, 2019); "Suing Universities to Recover Tuition Paid for Adult Children," 22nd Annual Bankruptcy Seminar, Macon, Georgia (September 20, 2019); "Unscheduled Product Liability (and Other) Claims in Reopened Cases," 22nd Annual Bankruptcy Seminar, Macon, Georgia (September 20, 2019); "Case Law Update," NABT Annual Conference, Denver, Colorado (August 23, 2019); "Annual Panel Trustee Seminar: A Training Day in LA," Region 16 Chapter 7 Panel Trustee Training, Los Angeles, California (June 27, 2019); "Current Development/Recent Case Law Panel," Region 21 Chapter 7 Panel Trustee Training, Orlando, Florida (June 6-7, 2019); "Key Takeaways from the American Bankruptcy Institute's Commission on Consumer Bankruptcy Report," The Bench and Bar Committee, Atlanta, Georgia (May 6, 2019); "Tuition Clawback by Bankruptcy Trustees: The Focus Points for this Growing Litigation," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (February 21, 2019); "Case Law Update," Law Education Institute, Snowmass, Colorado (January 2-6, 2019); "Oh, Let Me Count the Days: Calculating Deadlines and Reach-back Periods in Avoidance and Other Actions," Cobb County Bar Association, Marietta, Georgia (November 30, 2018); "Avoiding and Recovery Payments Made for Adult

Children," Cobb County Bar Association, Marietta, Georgia (November 30, 2018); "Suing Universities (and Others) to Recover the Tuition Payments Made for Adult Children," The W. Homer Drake, Jr. Georgia Bankruptcy Inn of Court, Atlanta, Georgia (October 25, 2018); "Treatment of Product Liability and Similar Claims in Bankruptcy in a Reopened Case: (a) Are the Claims Property of the Estate, (b) If So, What Exemption Can Be Claimed, and (c) the Role of Judicial Estoppel," The W. Homer Drake, Jr. Georgia Bankruptcy Inn of Court, Atlanta, Georgia (October 25, 2018); "Recent Developments/Case Law Updates," Chapter 7 Panel Trustee Training – Northern District of Georgia, Atlanta, Georgia (September 14, 2018); "Case Law Update," NABT Convention, Amelia Island, Florida (August 16, 2018); "Trustee Litigation – A Powerful Tool," Region 21 Trustee Training Webinar (March 28, 2018); "The Powerball Jackpot (Case Law Update)," NABT Spring Seminar, Las Vegas, Nevada (February 23, 2018); "Exemptions," "Consumer Case Law Update," and "Business Case Law Update," National CLE Conference in conjunction with the Colorado Bar Association and the Law Education Institute, Vail, Colorado (January 3-7, 2018); "Oh, Let Me Count the Days: Calculating Deadlines and Reachback Periods in Avoidance and Other Actions, Consumer and Business Bankruptcy Institute, Reynolds Plantation, Georgia (December 14, 2017);"Bankruptcy Avoidance Actions," National Association of Attorney Generals, Savannah, Georgia (November 15, 2017); "Case Law Update," NABT Convention, New Orleans, Louisiana (September 15. 2017); "Shark Tank: The Case for Increasing Chapter 7 Trustee Compensation," American Bankruptcy Institute 22nd Annual Southeast Bankruptcy Workshop, Hilton Head Island, South Carolina (July 30, 2017); "Case Law Update," NABT Spring Seminar, Rio Grande, Puerto Rico (March 3, 2017); "Case Law Update," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 4-8, 2017); "Exemptions," American Bankruptcy Institute Winter Leadership Conference, Rancho Palos Verdes, California (December 1-3, 2016); "Obligations of Trustees in Fulfilling Their Fiduciary Duties," American Inns of Court (November 17, 2016); "Simply the Best: Case Law Update," NABT Annual Convention, San Diego, California (September 9, 2016); "Exemption Issues in Chapter 13," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 23, 2016); "Dismissal and Conversion Issues," NACTT

51st Annual Conference, Philadelphia, Pennsylvania (July 22, 2016); "Recent Cases: Case Law Update," NABT Spring Seminar, Atlanta, Georgia (April 8, 2016); "Avoidance and Recovery Actions Across the Chapters: Roles & Perspectives of Trustees," American Inns of Court Winter Program, Atlanta, Georgia (January 26, 2016); "Exemption Law – Immunity to Treat Creditors with Impunity or the Privilege of Fresh Start" and "Case Law Update: Commercial/Business," Law Education Institute (LEI) Conference, Vail, Colorado (January 6-10, 2016); "So You Thought You Understood Exemptions!" Cobb County Bar Association, Marietta, Georgia (October 10, 2015); "Does *Law v. Siegal* Really Stand for That?," National Conference of Bankruptcy Judges 89th Annual Meeting, Miami, Florida (September 27-30, 2015); "Exemptions" and "Case Law Update," NABT Annual Convention, Chicago, Illinois (August 27-29, 2015); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (August 21, 2015); "Case Law Update," NABT Spring Seminar, Charleston, South Carolina (February 27, 2015); "How to Approach Banks about Short Sales and Carve-Outs," American Bankruptcy Institute Conference, Tulane University, New Orleans, Louisiana (January 19, 2015); "Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 7-11, 2015); "Zip Lining through the Tough issues in Avoiding a Preference or Set-Off," Institute of Continuing Legal Education in Georgia, Greensboro, Georgia (October 23, 2014); "Current Consumer Trends & Practices," American College of Bankruptcy, National Conference of Bankruptcy Judges 88th Annual Meeting, Chicago, Illinois (October 8, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Workshop, Salt Lake City, Utah (September 12, 2014); "Case Law Update," NABT Annual Convention, Salt Lake City, Utah (September 12, 2014); "Case Law Update," United States Trustee Region 3 Trustee Training (includes Delaware, New Jersey, and Pennsylvania Trustees), Harrisburg, Pennsylvania (June 6, 2014); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (May 9, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Southeast Seminar, Coral Gables, Florida (April 5, 2014); "Case Law Update," NABT Spring

Seminar, Coral Gables, Florida (April 5, 2014); “Chapter 7 and 11 Case Law Update,” Law Education Institute (LEI) Conference, Vail, Colorado (January 5-9, 2014); “Real Estate Short Sales and Carve-Outs,” American Bankruptcy Institute 25th Annual Winter Leadership Conference, Rancho Palos Verdes, California (December 6, 2013); “Chapter 7 & Hot Topics,” National Conference of Bankruptcy Judges 2013 Annual Conference, Atlanta, Georgia (November 1, 2013); “Case Law Update” NABT 2013 Annual Meeting, White Sulphur Springs, West Virginia (August 8, 2013); “Plenary Session: Consumer Update 2013,” American Bankruptcy Institute Southeast Seminar, Amelia Island, Florida (July 18-21, 2013); “Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective),” 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); “The Good, the Bad, and the Ugly – Case Law Update,” NABT 2013 Spring Seminar, Scottsdale, Arizona (February 22-23, 2013); “Case Law Developments,” “What Is the Trustee Up to Now?” “Mortgage Issues: Pervasive Issues and Abuses,” and Fraudulent Conveyances,” Law Education Institute (LEI) Conference, Snowmass, Colorado (January 2-5, 2013); “Case Law Update I,” NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); Case Law Update II,” NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012) “Bankruptcy Issues for Auctioneers,” National Auctioneers Association's 63rd International Auctioneers Conference, Spokane, Washington (July 18, 2012); “The Presidents' Panel: Current Issues in Consumer Bankruptcy,” NACTT 47th Annual Seminar, New Orleans, Louisiana (July 13, 2012); “Waiter! Check Please! Paying the Tab in Consumer Bankruptcy: The Real Costs of Accessing the System,” NACTT 47th Annual Seminar, New Orleans, Louisiana (July 12, 2012); “An Empirical Study of the Costs of BAPCPA,” NABT 2012 Spring Seminar, Las Vegas, Nevada (March 31, 2012); “Sold! Short Sales/724(b) Sales: The New Normal,“ NABT 2012 Spring Seminar, Las Vegas, Nevada (March 30, 2012); “Ethics and Professionalism Potpourri,” 36th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 17, 2012); “Latest Developments – Case Law Update,” “Ethic Standards Re-Examined,” and “Who Gets the Money? Claims Objections Issues,” Law Education Institute's 29th Annual national CLE Conference, Snowmass, Colorado (January 4 – 8, 2012); “Hot Topics in Chapter 7,”

ABI/NCBJ Roundtable, National Conference of Bankruptcy Judges, Tampa, Florida (October 12-15, 2011); "Case Conversion Issues," NABT 2011 Annual Meeting, Amelia Island, Florida (September 21-24, 2011); "Today's Chapter 7," Panel, Annual Southeast Bankruptcy Workshop, Kiawah Island, South Carolina (July 27-30, 2011); "Select Claim Objection Issues," NABT Spring Seminar, Santa Monica, California (March 26, 2011); "Looking Ahead: What's in Store for Consumer Practitioners in 2011," 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 10-12, 2011); "Chapters 7 and 11 Case Law Update," State Bar of Georgia Bankruptcy Law Section, Greensboro, Georgia (October 28, 2010); "Recovering Unauthorized Post-Petition Transfers," NABT Convention, San Francisco, California (October 1, 2010); "Chapter 7 Law Update," Middle District of Georgia Bankruptcy Institute, Macon, Georgia (September 17, 2010); " Individual Business Bankruptcy Cases," Metro Atlanta Consumer Bankruptcy Attorneys Group, Atlanta, Georgia (May 21, 2010), "Professionalism Issues," Atlanta Bar Association, Bankruptcy Law Section Seminar, Atlanta, Georgia (May 6, 2010); "Recurring Issues among Consumer Lawyers and Trustees and How to Avoid Them," American Bankruptcy Institute, Washington, D.C. (May 1, 2010); "The Nouveau Pauvre, or Who Used to Be a Millionaire (Finding Assets in Those Mid and Large Size Cases in Which the Debtors Used to Be "High-End" Debtors)," NABT Spring Seminar, Savannah, Georgia (April 9, 2010); "Trends and Threads in Business Cases: Case Law Update from the Front," National CLE Conference, Vail, Colorado (January 6, 2010); "Prebankruptcy Asset Protection and Planning: How Far Can the Line Be Pushed before the Trustee Reacts," National CLE Conference, Vail, Colorado (January 7, 2010), and "Making Sense of the Tide in Consumer Case/Issue Development: Caselaw Review of Recent Consumer Bankruptcy Decisions," National CLE Conference, Vail, Colorado (January 8, 2010); "Hot Topics in Chapter 7," ICLE Bankruptcy Seminar, Braselton, Georgia (November 12, 2009); "The Art of the Carve-Out," NABT Annual Convention, Boston, Massachusetts (August 29, 2009); "Hot Consumer Topics in Chapter 7," American Bankruptcy Institute 14th Annual Southeast Bankruptcy Workshop, Hilton Head, South Carolina (July 30, 2009 – August 1, 2009); "Negotiation/Out-of-Courtroom Skills and Techniques," American Bankruptcy Institute's Skills Training Program, Atlanta,

Georgia (June 4, 2009); "Select Trustee Issues," 11th Circuit Fellows Luncheon, American College of Bankruptcy, Washington, D.C. (March 27, 2009); "Case Law Update: The Good, The Bad, and The Ugly," National CLE Conference (LEI), Vail, Colorado, January 4-5, 2009; "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (October 21, 2008); "The Art of the Carve-Out," NABT Spring Seminar, Santa Fe, New Mexico (April 26, 2008); "Bankruptcy Claim Quandaries, Administrative Claims, Claims Evidentiary Issues, Superpriority Claims Upon Conversion to Chapter 7, Rejection Claims, and Estimation Claims," National CLE Conference (LEI), Vail, Colorado, January 4-6, 2008; "Select Exemption Issues," National Conference Bankruptcy Judges, Orlando, Florida (October 10, 2007); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees) Atlanta, Georgia (September 27, 2007), "Administering Exempted Assets," NABT Spring Seminar, Atlanta, Georgia (March 16, 2007); "Pro Se Debtor Cases and Issues," American Bankruptcy Institute's 11th Annual Southeast Bankruptcy Workshop (July 26-29, 2006); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Miami, Florida, Georgia (June 22-23, 2006); "Bankruptcy Reform Act - Hot Issues," NABT Spring Seminar, Phoenix, Arizona (March 4, 2006); "Tax Issues in the Era of the New Bankruptcy Reform Act," Georgia Society of CPAs, Atlanta, Georgia (June 21, 2005); "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: How will it affect your business?" AGG Seminar, Atlanta, Georgia (June 3, 2005); "Bankruptcy Issues for the Commercial Realtor," Atlanta Board of Realtors, Atlanta, Georgia (June 2, 2005); "Proving Deepening Insolvency," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (March 24, 2005); "Case Conversion Issues," United States Trustee Region 21 Seminar (includes Florida and Georgia Trustees), Savannah, Georgia (January 20-21, 2005); "New Developments: A Trustee's Perspective," NABT Convention, San Diego, California (September 11, 2004); "Holding onto Assets," NABT Spring Seminar, Las Vegas, Nevada (March 12-13, 2004); "Case Law Update," United States Trustee Region 21 Seminar, Atlanta, Georgia (January 8, 2004); "Recovering Assets through Litigation in Bankruptcy,"

National Bankruptcy Training Institute, Columbia, South Carolina (November 18, 2003); Faculty Member, National Bankruptcy Training Institute, Columbia, South Carolina 5(2003); "Claims Review, Objections, and Resolutions," NABT Annual Convention, Washington, D.C. (September 9, 2003); "Perfection of Collateral" and "Guaranty Agreements," SouthTrust Bank Live Video Broadcast Seminar, Atlanta, Georgia (August 22, 2003); "Establishing Corporate Insider Liability: From Deepening Insolvency to Avoidance Issues," NABT Spring Seminar, Coral Gables, Florida (March 29, 2003); Training Seminar for New Trustees, Office of the United States Trustee (September 12, 2002); "Case Law Update," United States Trustee Region 21 Seminar (Florida and Georgia Trustees) (May 3, 2002); "Bankruptcy and Foreclosures," Georgia ICLE (April 17, 2002); "Loan Documentation Issues," (August 22, 2003); "How to Protect the Interest of Secured Creditors in Georgia," National Business Institute (NBI); "How New Bankruptcy Legislation Will Impact Your Practice," Consumer Bankruptcy Attorneys Association; "Advanced Real Estate Seminar: Bankruptcy Issues," NBI; "Ethics in Bankruptcy," State Bar of Georgia, Bankruptcy Law Section; "Chapter 11 Single Asset Real Estate Cases," Atlanta Bar Association, Bankruptcy Law Section; "Bankruptcy: An Overview," Georgia Department of Banking and Finance; "Bankruptcy: An Overview," Mortgage Bankers Association of Georgia; "Liens and Credit Issues in Bankruptcy," NBI.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 23-55369-JWC** |
| | ) | |
| **RAINBOW HOUSE INC.,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**AFFIDAVIT OF NEIL C. GORDON**

**STATE OF GEORGIA**
**COUNTY OF COBB**

Before me, the undersigned attesting officer duly authorized to administer oaths, personally appears Neil C. Gordon, who after being duly sworn, deposes and says:

1.

I am a partner in the law firm of Taylor English Duma LLP ("TED ") and is the partner responsible for TED's representation in the above-styled Chapter 7 case.

2.

The facts set out in the foregoing Final Compensation by Attorneys for Trustee and the Exhibits attached thereto, are true and correct to the best of my knowledge, information and belief. Those facts are known to me personally or established by business records of TED maintained in the ordinary course of business, including time and disbursement records made by lawyers and paralegals.

*/s/ Neil C. Gordon*
NEIL C. GORDON

Sworn to and subscribed before me
This 15 day of May, 2025.
*/s/ Pamela E. Bicknell*
Notary Public
*My Commission Expires: 1/18/26*

**EXHIBIT "C"**

PAMELA E. BICKNELL NOTARY EXPIRES GEORGIA January 18, 2026 PUBLIC GWINNETT COUNTY

**CERTIFICATE OF SERVICE**

This is to certify that I caused to be served the foregoing *Application for Final Compensation by Attorneys for Trustee and Request for Authorization to Pay Compensation* by causing a copy of same to be deposited in the United States Mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

This 15 day of May, 2025.

*/s/ Neil C. Gordon*
Neil C. Gordon